# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHELBERT ABRAHAM, JR.,     ) | |
|                      ) | |
|          Plaintiff,     ) | |
|                      ) | |
| vs.                     ) | Case No. 06-1281-MLB |
|                      ) | |
| B.G. BOLTONS' GRILLE & BAR,   ) | |
| GATES ENTERPRISES,         ) | |
| WILLIAM GATES,            ) | |
|                      ) | |
|         Defendants.    ) | |

## MEMORANDUM AND ORDER

Before the Court are Defendants' Motion to Amend the Pleadings (Doc. 16),

Plaintiff's Motion to Amend the Pleadings (Doc. 21), Plaintiff's Motion for Order

to Reduce or Remove Fee (Doc. 23), Plaintiff's Motion for Extension of Time to

Respond to Discovery (Doc. 30), Plaintiff's Motion for Extension of Time of

Discovery Requests (Doc. 37) and Plaintiff's Motion for Intervention in Discovery

Processes (Doc. 38).  After a careful review of the parties' submissions, the

exhibits thereto, and cited authority, the Court is prepared to rule on these motions.

**BACKGROUND**

The background of the case is summarized in the Court's Order denying Plaintiff's Application for Appointment of Counsel.  (Doc. 8.)  That summary is incorporated herein by reference.

In the context of the parties' motions, a summary of Plaintiff's administrative charges of discrimination and retaliation are relevant.  Plaintiff filed his first charge of discrimination with the Kansas Human Rights Commission (Charge No. 29023-05W, "first charge") on April 8, 2005, alleging discrimination based on sex, race, and age, as well as retaliation.  The EEOC right-to-sue letter regarding this charge was mailed to Plaintiff on March 1, 2006.  Plaintiff filed a second KHRC charge (Charge No. 29667-06W) on October 20, 2005, containing allegations of retaliation.  The right-to-sue letter for this charge was mailed to Plaintiff on June 20, 2006.

Plaintiff's Complaint containing his allegations of discrimination of retaliation was filed on September 20, 2006.  (Doc. 1.)  This was more than six months after Plaintiff received his first right-to-sue letter, but approximately 90 days after receipt of his second right-to-sue letter.

## DISCUSSION

### A.   Defendant's and Plaintiff's individual Motions to Amend the Pleadings.

In their timely-filed Motion to Amend, Defendants request permission to amend their Answer to add the defense that Plaintiff failed to timely file a lawsuit encompassing the allegations contained in his first KHRC charge of discrimination.  (Doc. 16 at pg. 1-2.)  Defendants contend they believed Plaintiff "had elected not to file suit on the original EEOC Right-to-Sue letter," and sued only in regard to the retaliation claim contained in his second charge of discrimination, when he failed to attach the first charge and/or its March 1, 2006, right-to-sue letter.  (*Id.*)

Plaintiff did not file a response to Defendants' Motion to Amend, but instead filed his own Motion to Amend the Pleadings, requesting that the Court not "disjoin" his two administrative charges of discrimination.  (Doc. 21 at pg. 1.)  Plaintiff contends a KHRC investigator informed him the two charges would be consolidated.  Thus, he was "under the impression that the two cases would maintain their congruency."  (*Id.* at pg. 2.)

Defendant responded that Plaintiff's Motion to Amend should be denied as futile because of his failure to file his Complaint within 90 days of receipt of his first right-to-sue letter.  (Doc. 24.)  Defendants argue that Plaintiff's reliance on the

3

KHRC investigator was not reasonable because she was an employee of the State of Kansas and could not speak for the EEOC, an agency of the federal government. (*Id*. at 6-7.)  Defendants also contend that Plaintiff's delay is undue and the requested amendment would cause them prejudice.  (*Id*. at 9.)  According to Defendants, Plaintiff is unable to invoke the doctrine of equitable tolling to excuse his failure to timely file his Complaint because he could not have reasonably believed his cases had been consolidated or that a KHRC investigator would have the authority to do so.

While the Court has no reason to believe the KHRC investigator intentionally misled Plaintiff, it does appear that he was legitimately and reasonably confused by statements from the KHRC that Defendants do not controvert.  Despite the  Defendants' arguments, the Court does not necessarily agree that the intention to mislead Plaintiff is a requirement for invoking equitable tolling of his deadline.

> The Tenth Circuit has invoked the equitable tolling doctrine only in particularly egregious circumstances, such as when a plaintiff's reliance upon statements of a court or agency official or on a confusing right-to-sue letter caused him or her to commit procedural errors in the course of otherwise diligently pursuing a claim.

*Brucks v. O'Neill*, 184 F.Supp.2d 1103, 1111 (D.Kan.2001) (reviewing Tenth Circuit cases applying equitable tolling).  The doctrine may apply "where a

plaintiff has been 'lulled into inaction by her past employer, state or federal agencies, or the courts.'" *Id*. (quoting *Johnson v. U.S. Postal Serv*., 861 F.2d 1475, 1480 (10th Cir.1988) (internal citation omitted)).  The Court finds this to be one of those circumstances.

 There is no doubt but that Plaintiff has been diligently pursuing his claims to the best of his ability.  He has filed two administrative charges of discrimination as well as a civil court Complaint initiating his lawsuit.  Based upon his actions and statements, the Court is adequately convinced that he truly believed his claims had been consolidated.  Considering his *pro se* status, his reliance on the alleged comments of the KHRC investigator, or his interpretation of such comments, was reasonable.  As such, the Court hereby **GRANTS** Plaintiff's Motion to Amend (Doc. 21).

The Court finds that Plaintiff's Complaint (Doc. 1), includes allegations of wrongful termination, unequal treatment, reduced wages, retaliation, sexual harassment, racial discrimination and/or harassment, and physical abuse – as well as references to reference to both of his EEOC charges of discrimination.  As such, the Court finds it would be unnecessary for Plaintiff to file an new "Amended" Complaint.

As for Defendants' Motion to Amend, Plaintiff failed to file a response.

Further, he did not include any objections to, or discussion of, Defendant's position in his own Motion to Amend.  "If a respondent fails to file a response within the time required by Rule 7.1(b), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."  ***D.Kan. Rule 7.4***.  The Court finds Defendant's motion to be both unopposed and facially valid.  Defendant's Motion to Amend the Pleadings (Doc. 16) is, therefore, **GRANTED**.

B.    **Plaintiff's Motion for Waiver of Fees**.

Plaintiff also requests that the Court reduce or remove the $204.00 payment the KHRC has demanded from him in order to produce their files relating to his administrative charges of discrimination.  (Doc. 23.)  Plaintiff "was under the impression that the court order simply allowed for transference out of their possession the documents to me, with no fee attached."  (*Id.*)

The Court is unaware of, and Plaintiff has not cited, legal authority that would allow the Court to alter or altogether waive fees charged by the KHRC, an agency of the State of Kansas.  Therefore, Plaintiff's motion (Doc. 23) is **DENIED**.

C.    **Plaintiff's Motions for Extension to Respond to Discovery**.

Plaintiff has also filed two Motions for "Extension of Time of Discovery

6

Requests" in which he seeks additional time to respond to Defendants' first, second, and third sets of interrogatories, requests for production and requests for admissions.  (Doc. 30, 37.)  He contends he is "seeking legal advisement in the matter to ascertain the legality" of several of Defendants' requests that, in his opinion, are irrelevant.  (*Id.*)  In response, Defendants suggest that "the Court order Plaintiff to respond [to Defendants' first set of discovery requests] within one week from its <u>Order</u>, and that Plaintiff simply note that he objects on the grounds of relevance to those questions he believes are not relevant."  (Doc. 31.)

The Court finds Defendants' suggestion to have merit.  Plaintiff, who is representing himself *pro se*, has basically stated his objection to the discovery requests – relevance – in his motion. The Court sees no reason why he cannot do so in response to Defendants' discovery requests.  Plaintiff's motions (Docs. 30, 37) are hereby **DENIED**.  Plaintiff shall serve complete responses to Defendant's first, second, and third sets of discovery requests (interrogatories, requests for production, and requests for admissions) within **ten (10) days** of the date of this Order.

In their responses to Plaintiff's discovery motions, Defendants also "request under the circumstances that such <u>Order</u> relieve them of the requirement to consult with the other party before filing any <u>Motion to Compel</u> on discovery responses in

7

this case." (Doc. 31, Doc. 43 at pg. 2 (emphasis in original).)  Defense counsel

states that it is "useless" to attempt to confer with Plaintiff because he does not

understand the discovery process.  (Doc. 43 at pg. 1.)  Counsel also states that she

is "uncomfortable meeting with plaintiff because he is apparently a convicted

felon, and he is becoming increasingly emotionally agitated about this case." (*Id.*

at 1-2.)  Counsel contends that the relevant local rule, D.Kan. R. 37.2 contemplates

conferences with "opposing counsel" and, because Plaintiff is *pro se*, the parties do

not fall under the requirements of this rule.  While the rule does not specifically

mention to *pro se* parties, the Court is confident the reference to "counsel"

encompasses parties who represent themselves and, in effect, are their own

counsel.

The rule mandates that parties confer, or make a reasonable attempt to do so,

before filing motions regarding discovery disputes.  D.Kan. R. 37.2.  The Court is

somewhat reluctant to disregard this rule, or create a special rule, for the parties.

The Court is, however, mindful of the concerns of defense counsel and the

difficulties the parties have encountered while attempting to confer.

The efforts to confer have been further hampered by Plaintiff's work schedule,

which can make him unavailable during defense counsel's business hours.  Given

the various factors complicating the parties' efforts to confer prior to filing

8

discovery motions, the Court **GRANTS** the request of defense counsel and, with this Order, relieves the parties of the duty to confer imposed by local rule 37.2.

### D. Plaintiff's Motion for Intervention in Discovery Process (Rule 26).

Finally, Plaintiff has filed a "Motion for Intervention in Discovery Process (Rule 26)," seeking the "suppression" of certain discovery requests, a ruling or hearing on these discovery issues, or an injunction.[1]  (Doc. 38 at pg. 2.)  Plaintiff contends that the discovery requests at issue "have no inquiry of relativity" and are "more aligned to a criminal proceeding, in simple observation, rather than appropriate of a civil action."  (*Id*.)  Defendant contends that its discovery requests are "proper" and "within the numerical limits set by the Court."  (Doc. 44.)

The discovery requests mentioned by Plaintiff deal with aliases which he may have used, past criminal convictions (felonies, misdemeanors, and/or DUIs), other lawsuits or administrative claims with the KHRC and/or EEOC to which he was a party, and any income tax warrants he may have been issued.  Although many of these discovery requests seek information relating to criminal convictions, the Court does not agree with Plaintiff's contention that the requests are irrelevant to this civil lawsuit.

---

[1]  Because of the relief requested, the Court shall consider Plaintiff's motion as a request for a protective order under local rule 26.2.

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." ***Teichgraeber v. Memorial Union Corp. of Emporia State University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).

"Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D.Kan.1991). Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." ***Snowden By and Through Victor v. Connaught Lab.***, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991)

> When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm

10

> occasioned by discovery would outweigh the ordinary
> presumption in favor of broad disclosure.

*Johnson v. Kraft Foods North America, Inc*., 238 F.R.D. 648, 653 (internal

citation omitted).

The party opposing discovery is required to come forth with more than a

mere conclusory statement that the discovery is irrelevant and must specifically

demonstrate how the request is not reasonably calculated to lead to the discovery

of admissible evidence. *Teichgraeber*, 932 F.Supp. at 1266 (citing *Josephs v.*

*Harris Corp.*, 677 F.2d 985, 992 (3rd Cir.1982)). "Courts should lean towards

resolving doubt over relevance in favor of discovery." *Id*. (citing *Corrigan v.*

*Methodist Hosp.*, 158 F.R.D. 54, 57 (E.D. Pa.1994)).

Simply stated, Plaintiff has not met his burden to show that the information

sought by Defendants is of marginal relevance or that any potential harm caused

would outweigh the presumption in favor of broad disclosure of information

through discovery.  Courts have routinely allowed discovery of a party's criminal

past in employment discrimination cases.  *See, e.g., O'Neill v. Runyon*, 898

F.Supp. 777 (D. Kan 1995) (discussing evidence of a plaintiff's criminal history in

context of employer attempting to invoke after-acquired evidence doctrine in

attempt to bar plaintiff's recovery).  In addition, the majority of the information

sought by Defendant (records regarding civil or criminal court proceedings,

11

administrative agency records) should be of public record.  As such, the Court

cannot agree  that Plaintiff would sustain substantial harm if such information was

disclosed.

Information regarding Plaintiff's criminal past, if any, could bear directly on

Plaintiff's credibility, particularly in regard to crimes of dishonestly.

> It is unthinkable that evidence of a witness's prior
> dishonesty would not affect one's decision concerning
> the witness's testimony and claims.  Stated more simply,
> a witness's credibility is always material.

*Murray v. Cars Collision Center of Colo., LLC*, Case No. 04-1456, 2007 WL

433124, at *7 (D. Colo. February 2, 2007) (holding that such information would be

admissible at trial).  The bearing on Plaintiff's credibility also holds true for his use

of aliases, if any, and his reasons for doing so.  As such, the Court finds the

information requested by Defendant to be discoverable.  Plaintiff's motion (Doc.

38) is, therefore, **DENIED**.  Because the Court has overruled Plaintiff's stated

objections to the discovery requests at issue (Defendants' Second Requests for

Production No. 1, Defendants' Second Interrogatories Nos. 1, 2, 3, 4, 5, and 6,

Defendants' Third Interrogatories Nos. 2 and 4), Plaintiff shall fully respond to

each of these requests <u>without objection</u>.

12

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend the Pleadings (Doc. 21) is **GRANTED**.  As stated above, however, the Court finds it unnecessary for Plaintiff to file a new "Amended" Complaint.

**IT IS FURTHER ORDERED** that Defendants' Motion to Amend the Pleadings (Doc. 16) is **GRANTED**.  Defendants shall have **ten (10) days** from the date of this Order to file their Amended Answer to include their proposed paragraph 32 as contained in Defendants' Motion to Amend.  (Doc. 16 at pg. 4.)

**IT IS FURTHER ORDERED** that Plaintiff's Motion regarding fees charged by the KHRC (Doc. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Extension of Time of Discovery Requests (Docs. 30, 37) are hereby **DENIED**.  The Court concurrently **GRANTS** defense counsel's request and hereby waives the parties' duty to confer imposed by local rule 37.2.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Intervention in Discovery Processes (Rule 26) (Doc. 38) is **DENIED**.  Plaintiff shall respond to Defendants' first, second, and third sets of discovery requests (interrogatories, requests for production, and requests for admissions) <u>in their entirety</u> no later than

**ten (10) days** from the date of this Order.

Dated at Wichita, Kansas, on this 17th day of April, 2007.

   s/   DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge

14