## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

SHELBERT ABRAHAM, JR.,            )
                                  )
                  Plaintiff,      )      **CIVIL ACTION**
                                  )
v.                                )      No.  06-1281-MLB
                                  )
B.G. BOLTON'S GRILLE & BAR, GATES )
ENTERPRISES, and, WILLIAM GATES,  )
                                  )
                  Defendant.      )
——————————————————————————————————)

### MEMORANDUM AND ORDER

This case comes before the court on defendants Gates Enterprises'
and William Gates' motion to dismiss.  (Doc. 28).  The motion is fully
briefed and ripe for decision.  (Docs. 29, 57, 66).  Defendants'
motion is denied for reasons herein.

## I.    INTRODUCTION

Plaintiff, proceeding pro se, filed this action on September 20,
2006, alleging a violation of Title VII, 42 U.S.C § 2000e, and 29
U.S.C. § 621-634(b), the Age Discrimination in Employment Act (ADEA).
Plaintiff was employed at B.G. Bolton's Grille & Bar until October
2005.  Plaintiff asserts that defendants discriminated against him
because of his sex, race and age.

Defendant William Gates was served on November 8, 2006, and Gates
Enterprises was served on November 9, 2006.  Defendant William Gates
was served by certified mail at the East Wichita location of B.G.
Bolton's Grille & Bar.

Defendants seek dismissal from this action on the basis of
insufficient service of process, failure to state a claim and failure

to exhaust administrative remedies.

   **A.   Pro Se Status**

   Before analyzing defendant's motion to dismiss, the court notes that plaintiff is not represented by counsel.  It has long been the rule that pro se pleadings must be liberally construed.  See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991); Hill v. Corrections Corp. of America, 14 F. Supp.2d 1235, 1237 (D. Kan. 1998). Liberal construction does not, however, require this court to assume the role of advocate for the pro se litigant.  See Hall, 935 F.2d at 1110.   Plaintiff is expected to construct his own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this district.  See id.; Hill, 14 F. Supp.2d at 1237.   Additionally, the court need not accept as true plaintiff's conclusory allegations because no special legal training is required to recount the facts surrounding the alleged injuries.  See Hill, 14 F. Supp.2d at 1237.  In the end, plaintiff's pro se status, in and of itself, does not prevent this court from dismissing his claim.  See Smith v. Plati, 258 F.3d 1167, 1174 (10th Cir. 2001) (citing Hall v. Bellmon, 935 F.2d 1106, 1110, 1114 (10th Cir.1991)) ("Even when a complaint is construed liberally, this court has dismissed pro se complaints for failure to allege sufficient facts."); Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir. 1992).

   **B.   Motion to Dismiss Standards: FRCP 12(b)(1)**

   Federal courts are courts of limited jurisdiction, available to exercise their power only when specifically authorized to do so.  See Sellens v. Telephone Credit Union, 189 F.R.D. 461, 465 (D. Kan. 1999). Pursuant to the Federal Rules of Civil Procedure, a party may move for

-2-

dismissal based upon a court's "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1).  The Tenth Circuit has noted that Rule 12(b)(1) motions may take on two forms, either a "facial" attack or a "factual" attack.  See Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).  A "facial" attack questions the sufficiency of the complaint whereas a "factual" challenge contests those facts upon which the subject matter rests.  Bryce v. Episcopal Church in the Diocese of Colorado, 121 F. Supp. 2d 1327, 1334 (D. Colo. 2000).

Since defendants assert that the court lacks jurisdiction because plaintiff failed to exhaust his administrative remedies, the court will treat defendants' motion as a "facial" challenge.  When faced with facial challenges, this court presumes all of plaintiff's allegations are correct.  See id.; Holt, 46 F.3d at 1002. Accordingly, the facts as alleged by plaintiff are considered, for purposes of this memorandum and order, to be true.  Sellens, 189 F.R.D. at 466.

C.   Motion to Dismiss Standards: FRCP 12(b)(6)

The standards this court must utilize upon a motion to dismiss are well known.  This court will dismiss a cause of action for a failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle legal relief or when an issue of law is dispositive.  See Ford v. West, 222 F.3d 767, 771 (10th Cir. 2000); Robinson v. Kansas, 117 F. Supp.2d 1124, 1129 (D. Kan. 2000).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff.  See Ford, 222 F.3d at 771; Davis v. United Student Aid Funds, Inc., 45 F. Supp.2d 1104, 1106 (D. Kan. 1998).

Conclusory allegations, however, have no bearing upon this court's consideration.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); Overton v. United States, 74 F. Supp. 2d 1034, 1041 (D. N.M. 1999) (citing Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989)). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims.  See Robinson, 117 F. Supp.2d at 1129.

## II.  ANALYSIS

### A.   Insufficient Service of Process

Gates asserts that he should be dismissed from this action since plaintiff has failed to effect service pursuant to Fed. R. Civ. P. 4(e).  Valid service of process is a prerequisite to a federal court's asserting personal jurisdiction over a defendant.  Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108 S. Ct. 404, 409, 98 L. Ed. 2d 415 (1987).  Rule 4(e) provides two means to obtain service on an individual:

> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or

> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Gates' summons was sent to his place of business by certified

-4-

mail. (Doc. 29, exh. 1). This method failed to comply with the federal requirements under Fed. R. Civ. P. 4(e)(2). <u>See</u> <u>Schroeder v. Kochanowski</u>, 311 F. Supp.2d 1241, 1256 (D. Kan. 2004); <u>Dudley v. Moser</u>, 1998 WL 289346, *2 (D. Kan. May 5, 1998). Likewise, it does not comport with the manner approved by K.S.A. 60-303(d) and 304(a), made applicable here by Fed. R. Civ. P. 4(e)(1). <u>Briscoe v. Getto</u>, 204 Kan. 254, 257, 462 P.2d 127, 130 (Kan. 1969) ("There is no provision for service of summons by leaving a copy with the secretary of the person to be served or by leaving a copy at the place of business of the person to be served"); <u>see also</u> <u>Sellens v. Tel. Credit Union</u>, 189 F.R.D. 461, 465 (D. Kan. 1999).

Service must be obtained within 120 days of filing the complaint or the claims are subject to dismissal. Fed. R. Civ. P. 4(m). Rule 4(m) also governs the circumstances under which an extension of time to perfect service may be granted:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The complaint was filed last September, and since service has never been perfected, plaintiff's only hope is to obtain an extension for "good cause." <u>Id.</u> The Tenth Circuit has prescribed a two-pronged inquiry for evaluating a failure to effect timely service under Rule 4(m): 1) the court must determine whether plaintiff has shown good cause for failure to obtain service - if so, then plaintiff is

entitled to an extension of time to perfect service; 2) if plaintiff fails to show good cause, the court must still decide whether a permissive extension of time is warranted, or whether the case should be dismissed without prejudice.  Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995).

Our circuit has generally defined good cause by what it is not: inadvertence, negligence, mistake of counsel or ignorance of the rules.  See In re Kirkland, 86 F.3d 172, 176 (10th Cir. 1996).  Nor does absence of prejudice to a defendant amount to good cause.  Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1439 (10th Cir. 1994).  Finally, the fact that a defendant may have actual notice of the pending action does not find its way into the good cause calculus.  Id.

Here, plaintiff failed to comply with the rules.  Plaintiff asserts that he is not an attorney and does not have the requisite knowledge regarding service of process.  (Doc. 57 at 9).  A pro se plaintiff is still obligated to follow Rule 4's service requirements.  In re Kirkland, 86 F.3d 172, 174-76 (10th Cir. 1996).  Seemingly, plaintiff knew that he must serve Gates at his residence because he contacted Gates' counsel numerous times to request a mailing address.  Counsel for Gates would not disclose Gates' address.  Presumably, plaintiff then determined to serve Gates at the only address known to him, the business address.

The court finds that plaintiff has failed to demonstrate good cause sufficient to warrant a mandatory extension of time, even for a pro se litigant.  See, e.g., Espinoza, 52 F.3d at 841 (holding the pro se plaintiff had failed to show good cause to require a mandatory

extension of time for service); <u>DiCesare v. Stuart</u>, 12 F.3d 973, 980 (10th Cir. 1993)(affirming the district court's dismissal of pro se litigant's action under the former version of Rule 4(m) due to lack of proper service); <u>Jones v. Frank</u>, 973 F.2d 872, 873-74 (10th Cir. 1992) (same).

The court must next consider whether plaintiff should be given a permissive extension of time or whether the case should be dismissed with prejudice.  <u>Espinoza</u> guides the court to consider other factors, mostly from the advisory committee notes to Rule 4(m), in determining whether dismissal is appropriate.  <u>See</u> <u>Espinoza</u>, 52 F.3d at 842. Here, plaintiff is not represented by counsel, proceeding *in forma pauperis* and plaintiff made attempts at obtaining Gates' address in order to properly serve him.  <u>Id.</u> ("The district court should also take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petition.") (citing Rule 4(m) advisory committee's notes).  The court finds, somewhat reluctantly, that an extension of time is appropriate.  Most notably, Gates would not be prejudiced by this extension since he has been on notice of this lawsuit since its commencement.  Accordingly, the court will allow plaintiff a 30-day extension under Rule 4(m) to effect service on Gates.  No further extensions will be granted.

**B.   Suit Against an Individual is Improper**

Gates asserts that he should be dismissed because it is improper to state a claim against an individual in Title VII and ADEA cases if the employer is already named.  In this case, however, plaintiff has asserted in his EEOC filings that Gates is the owner of B.G. Bolton's Grill & Bar.  (Doc. 1, exh. 1 at 12).  Plaintiff's complaint also

asserts that all defendants are employers under Title VII and the ADEA. (Doc. 1 at 3).

Title VII defines employee as "an individual employed by an employer." It defines employer as "a person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C. § 2000e(b). The ADEA definition is identical except that it requires an employer to employ twenty or more employees. See 29 U.S.C. § 630(b). At this point, defendants have not asserted that their business employs less than twenty individuals. Moreover, plaintiff has asserted that Gates is the owner of the restaurant and signed all of his paychecks.

The court must view all of plaintiff's allegations as true and construe all facts in the light most favorable to plaintiff. Accordingly, at this early stage of the proceedings, the court declines to find that Gates is not an employer as defined in both Title VII and the ADEA. This issue will be better addressed by a motion for summary judgment in the event Gates is properly served.

**C.   Failure to Exhaust**

Both defendants have asserted that they should be dismissed from this action since plaintiff only named B.G. Bolton's Bar & Grill in the EEOC charge. As a general rule, a plaintiff must file a charge against a party with the EEOC before he can sue that party under Title VII. See 42 U.S.C. § 2000e-5(f)(1) ("[A] civil action may be brought against the respondent named in the [EEOC] charge ... by the person claiming to be aggrieved....."). An exception to this requirement can be appropriate "where the defendant was informally referred to in the body of the charge, or where there is sufficient identity of interest

between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation." Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc., 702 F.2d 857, 860 (10th Cir. 1983).    In reviewing the charges filed, the court found two instances in which defendant Gates was named but the EEOC charges failed to mention Gates Enterprises.

In determining whether an identity of interest exists, the Tenth Circuit has listed the following factors:

> (1) whether the role of the unnamed party could have been ascertained at the time of the filing of the EEOC complaint through reasonable effort by the complainant;
> (2) whether the interests of a named party are so similar to the unnamed party's that it would be unnecessary to include the unnamed party in the EEOC proceedings for the purpose of obtaining voluntary conciliation and compliance;
> (3) whether the unnamed party's absence from the EEOC proceedings resulted in actual prejudice;
> (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Knowlton v. Teltrust Phones, Inc., 189 F.3d 1177, 1185 n. 9.

Defendants have failed to address the two applicable exceptions in their motion and do not provide any facts that might assist the court's analysis of these four factors. For that reason alone, defendants have failed to meet their burden of showing that dismissal is appropriate.    See Aguirre v. McCaw RCC Communications, Inc., 923 F. Supp. 1431, 1434 (D. Kan. 1996) (citation omitted). In addition, plaintiff indicates that these three entities are in effect one conglomerate acting together.    The court assumes that plaintiff, who is pro se and may be unable to coin the correct legal phrase, will attempt to prove single-employer status among the three defendants.

<u>Knowlton v. Teltrust Phones, Inc.</u>, 189 F.3d at 1185.

Defendants' motion to dismiss on the basis of failure to exhaust is denied.

    **D.   Gates Enterprises Employer Status**

Finally, Gates Enterprises asserts that it is not plaintiff's employer and therefore not subject to liability.  Plaintiff, however, has alleged that all defendants are his employers.  (Doc. 1).  In order to support Gates Enterprises Rule 12(b)(6) motion on this basis, Gates Enterprises has attached an affidavit that states it is not plaintiff's employer.  (Doc. 29, exh. 1).  While that affidavit was properly considered for its statements regarding Gates' residence, the court cannot consider it for the purpose of determining whether Gates Enterprises is plaintiff's employer unless the court converts defendants' motion into a motion for summary judgment.  <u>Price v. Philpot</u>, 420 F.3d 1158, 1167 (10th Cir. 2005).  The court has determined not to convert defendants' motion into a motion for summary judgment.  The court, however, can and has excluded the affidavit when considering the Rule 12(b)(6) motion and has only considered the pleadings and parties' briefs.  <u>Id.</u>

Accordingly, defendant Gates Enterprises' motion to dismiss on the basis that it is not plaintiff's employer is denied.

**III. CONCLUSION**

Defendants' motion to dismiss is denied, without prejudice to reassertion or, alternatively and preferably, as a motion for summary judgment.  (Doc. 28).  Plaintiff has 30 days to properly obtain service on defendant William Gates or he will be dismissed from this case.

A motion for reconsideration of this order under Local Rule 7.3 is not encouraged.  The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate.  Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

        IT IS SO ORDERED.

        Dated this   20th   day of June 2007, at Wichita, Kansas.


                                        s/ Monti Belot
                                        Monti L. Belot
                                        UNITED STATES DISTRICT JUDGE

-11-