# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHELBERT ABRAHAM, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-1281-MLB |
| ) | |
| B.G. BOLTONS' GRILLE & BAR, ) | |
| GATES ENTERPRISES, ) | |
| WILLIAM GATES, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Before the Court are Defendants' Motion for Reconsideration Re Court's Memorandum and Order Granting Plaintiff's Motion to Amend the Pleadings (Doc. 52), Plaintiff's Motion to Add "Restricted" (Certified) to Service of Summons (Doc. 55), and Plaintiff's Motion to Dismiss Affidavit of Ms. Barbara Combs (KHRC Investigator) (Doc. 63). After a careful review of the parties' submissions, the exhibits thereto, and cited authority, the Court is prepared to rule on these motions.

## BACKGROUND

The background of the case is summarized in the Court's Orders of December 4, 2006, (Doc. 8) and April 17, 2007 (Doc. 46), as well as the District Court's Order denying without prejudice Defendants' Motion to Dismiss (Doc. 67). Those summaries are incorporated herein by reference.

Defendants had argued that Plaintiff's Motion to Amend should be denied as futile because of his failure to file his Complaint within 90 days of receipt of his first right-to-sue letter. (Doc. 24.) Plaintiff had requested that the Court not "disjoin" his two administrative charges of discrimination. (Doc. 21, at 1.) He contended that a KHRC investigator informed him that his two separate administrative charges of discrimination would be consolidated. Thus, he was "under the impression that the two cases would maintain their congruency." (*Id*. at 2.) Defendants argued that Plaintiff should be unable to invoke the doctrine of equitable tolling to excuse his failure to timely file his Complaint because he could not have reasonably believed his cases had been consolidated or that a KHRC investigator would have the authority to do so. (Doc. 24.)

The Court held that it had no reason to believe Barbara Combs, the KHRC investigator handling Plaintiff's charges of discrimination, intentionally misled Plaintiff, but found that he was legitimately and reasonably confused by statements

from the KHRC. (Doc. 46, at 4.) Considering Plaintiff's *pro se* status, the Court found that his reliance on the alleged comments of the KHRC investigator – or his interpretation of such comments – was reasonable. (*Id*., at 5.) As such, the Court found that the doctrine of equitable tolling applied and granted Plaintiff's Motion to Amend. Defendants now move the Court to reconsider the portion of its April 17, 2007, Order (Doc. 46) that granted Plaintiff's Motion to Amend the pleadings.

## DISCUSSION

**A.     Reconsideration of Plaintiff's individual Motions to Amend the Pleadings**.

In support of their Motion to Reconsider, Defendants have submitted an affidavit from the KHRC investigator at issue, Barbara Combs. In her affidavit, Ms. Combs states that she never provided legal advice to Plaintiff, although he "often sought legal advice" from her. (Doc. 52, Exh. 1, ¶¶ 4-6, 13.) She continues that she repeatedly told him she "was not his legal representative," and never told him his administrative charges were to be consolidated. (*Id*., Exh. 1, ¶¶ 5, 10.) She did, however, "tell [him] that [she] would investigate both of his Complaints." *Id*. She further contends that she never discussed the March 1, 2006, Right-to-Sue letter with Plaintiff and "never told [him] that he did not need to sue on the first Right-to-Sue letter dated 03-01-06." (*Id*., Exh. 1, ¶¶ 17-18.) Defendants argue that Ms. Combs' affidavit proves that she did not "actively" deceive Plaintiff, thus the

3

Court should have denied Plaintiff's Motion to Amend. (Doc. 52, at 5.)

Plaintiff responds that Defendants' motion is retaliatory and that Ms. Combs is a "hostile witness" who has a personal relationship with defense counsel. (Doc. 62.) Plaintiff contends that he "was legitimately and reasonably confused by the statements from Ms. Barbara Combs and her egregious actions." (*Id*., at 4.) He further contends "[b]y Barbara Combs giving plaintiff a copy of the first case right to sue letter and saying both cases would be consolidated, I was indeed a true believer to date that everything was alright." *Id*. Defendants reply that Plaintiff's "Answer" to Ms. Combs affidavit should be stricken because it is not under oath and dispute "fabrications" contained in Plaintiff's answer. (Doc. 65, at 2-3.)

The Court is not persuaded by Defendants' technical argument that Plaintiff's "Answer" was inappropriate because it was not in affidavit form as "a sworn statement with a notary stamp," like Ms. Combs' affidavit. (Doc. 65, at 2.) Plaintiff submitted his response to Ms. Combs' affidavit in pleading form, which he signed. (Doc. 62.) Pursuant to Fed.R.Civ.P. 11, signed pleadings, including those submitted by a *pro se* party, "need not be verified or accompanied by affidavit." Further, by submitting the signed pleading, Plaintiff has certified "to the best of [his] knowledge, information, and belief" that "the denials of factual contentions are warranted on the evidence . . ." Fed.R.Civ.P. 11(b)(4).

Likewise, the Court is not persuaded to reconsider its ruling based on the authority cited by Defendants. Despite Defendants' assertion, the ***Barrett v. Rumsfeld*** ruling does not hold that a plaintiff "must show 'active deception'" before equitable tolling will be allowed. 158 Fed. Appx. 89, 92 (10th Cir. 2005) (holding the ninety-day filing period for Title VII civil actions is subject to equitable tolling, waiver, and estoppel, but that the plaintiffs in that case "have not advanced any arguments that the district court should have applied equitable tolling," including "active deception on the part of defendants or any extraordinary impediments to the assertion of their rights"). Further, the ***Jones*** case cited by Defendants[1] relies on a Tenth Circuit case that predates – and does not invalidate – the ***Brucks*** decision cited by this Court in its previous order. ***Brucks v. O'Neill***, 184 F.Supp.2d 1103, 1111 (D.Kan. 2001) (reviewing Tenth Circuit cases applying equitable tolling). In ***Brucks***, Judge Murguia held

> [t]he Tenth Circuit has invoked the equitable tolling doctrine only in particularly egregious circumstances, such as when a plaintiff's reliance upon statements of a court or agency official or on a confusing right-to-sue letter caused him or her to commit procedural errors in the course of otherwise diligently pursuing a claim.

184 F.Supp.2d at 1111 (reviewing Tenth Circuit cases applying equitable tolling).

---

[1] ***Jones v. Next Day Motor Freight, Inc.***, 64 Fed. Appx. 737, 739 (10th Cir. 2003) (quoting ***Jarrett v. US Sprint Communs. Co.***, 22 F.3d 256, 260 (1994)).

5

The Court, therefore, reaffirms its previous holding that the equitable tolling doctrine may apply "where a plaintiff has been 'lulled into inaction by her past employer, state or federal agencies, or the courts.'" *Id*. (quoting **Johnson v. U.S. Postal Serv**., 861 F.2d 1475, 1480 (10th Cir.1988) (internal citation omitted)). As it noted in its previous Order, the Court finds this to be one of those circumstances. (Doc. 46, at 5.)

The Court reiterates that it does not believe Ms. Combs intentionally misled Plaintiff. Taking the evidence in the light most favorable to Plaintiff, however, the Court finds that Plaintiff could have been reasonably confused by the fact that Ms. Combs informed him she would be investigating both of his administrative charges. (Doc. 52, Exh. 1, ¶ 10.) Therefore, Plaintiff's motion to amend is not futile and the Court hereby **DENIES** Defendants' Motion for Reconsideration (Doc. 52).

### B. Motion to Dismiss Affidavit of Ms. Barbara Combs (KHRC Investigator)

Plaintiff moves the Court for "dismissal or suppression" of Ms. Combs' affidavit "from being documented in plaintiff's lawsuit forevermore, for reasons already cited in Plaintiff's Motion to Respond to Defendant's Motion and Memorandum for Reconsideration and statements made therein and thereof Ms.

Barbara Comb's [sic] (KHRC Investigator) affidavit."[2] (Doc. 63.) Although Plaintiff has made various attacks on Ms. Combs, including referring to her as a "hostile" witness (Doc. 62, at 2,3), he has failed to provide any legal basis to "dismiss or suppress" her affidavit from this lawsuit. For instance, Plaintiff has made no showing regarding Ms. Combs' competency to testify as to the matters stated in the affidavit. *See* Fed.R.Civ.P. 56(e). As Defendants state, the affidavit complies with Rule 56(e) and speaks to Ms. Combs personal knowledge of her interaction with Plaintiff.

Plaintiff argues that Ms. Combs "did not want to come forward by deposition for she didn't want Plaintiff to be there." (Doc. 62, at 2.) Plaintiff does not, however, indicate that he made any attempt to depose Ms. Combs. Although a notice was issued for her deposition (Doc. 49), this was done by Defendants. The notice was withdrawn by Defendants after Ms. Combs provided them with the affidavit at issue. (*See* Doc. 51; Doc. 52, at 2.)

The Court, therefore, **DENIES** Plaintiff's Motion to Dismiss [or strike] the affidavit. (Doc. 63.)

### C. Plaintiff's Motion to Add "Restricted" (Certified) to Service of Summons.

---

[2] As noted by Defendants, Plaintiff's motion is actually a Rule 12(f) Motion to Strike the affidavit rather than a Motion to Dismiss.

Plaintiff has filed a Motion to Add "Restricted" (Certified) to Service of Summons (Doc. 55) "so as not to gain status of disservice again." Defendant responds that Plaintiff's motion is "improper" because he "is actually seeking legal advice from the Court." (Doc. 61.) Defendant argues that Plaintiff "must serve process as provided by statute." *Id*. Plaintiff has not filed a reply and the time to do so has expired. D.Kan. Rules 6.1(d)(1), 7.4.

Plaintiff has provided no statutory or case authority in support of his motion. The Court is aware of no exception that would allow Plaintiff to serve process other than as provided by statute. Plaintiff's motion is, therefore, **DENIED**.
\

**IT IS THEREFORE ORDERED** that Defendants' Motion for Reconsideration (Doc. 52) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Ms. Combs' affidavit (Doc. 63) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Add "Restricted" (Certified) to Service of Summons (Doc. 55) is **DENIED**.

Dated at Wichita, Kansas, on this 11th day of July, 2007.

   s/   DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge