## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SHELBERT ABRAHAM, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-1281-MLB |
| | ) | |
| B.G. BOLTONS' GRILLE & BAR, | ) | |
| GATES ENTERPRISES, | ) | |
| WILLIAM GATES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM AND ORDER

Before the Court are the following motions, responses and replies:

1.  Plaintiff's Motion to Compel the Residential Address of William Gates (Doc. 72), Defendants' Response (Doc. 77), and Plaintiff's Reply (Doc. 80);

2.  Plaintiff's Urgent Motion to Amend Defendant, Gates, to a Full Legal Name (Doc. 73); Defendants' Response (Doc. 78); and Plaintiff's Reply (Doc. 82); and

3.  Plaintiff's Motion to Amend Urgent Motion to Amend Defendant, Gates, to a Full Legal Name (Doc. 75); Defendants' Response (Doc. 79);  and Plaintiff's Reply (Doc. 81).

After a careful review of the parties' submissions, the exhibits thereto, and cited

authority, the Court is prepared to rule on these motions.

## BACKGROUND

A background of this case is summarized in the District Court's Memorandum and Order denying without prejudice Defendants' Motion to Dismiss.  (Doc. 67, at 1.)  That summary is incorporated herein by reference.

In the context of the motions under consideration, the following additional information is relevant.  Service of process on Defendants B.G. Bolton's Grille & Bar and Gates Enterprises has not been an issue.  There was, however, an on-going issue regarding service of the individually-named Defendant, who was identified as "William Gates."  Defendants filed their Motion to Dismiss on March 12, 2007, in part arguing that Defendant William Gates should be dismissed because he was not properly served.  (Doc. 29, at 3.)  Nowhere in the motion or memorandum did Defendants mention that Plaintiff had improperly identified Gates.  (*See id.*, at 4-7.)  However, Defendants' responses to Plaintiff's First Request for Admission, which were served on April 20, 2007, stated that "there is no such person as 'William Gates' employed by either corporate defendant."  (Doc. 77, Exh. 8, pg. 2.)

In ruling on Defendants' Motion to Dismiss, the District Court gave Plaintiff 30 days, until July 20, 2007, to properly obtain service on Defendant William Gates, and stated that Gates would be dismissed as a party if Plaintiff failed to do

so in the allotted time.  (Doc. 67, at 10.)  Plaintiff filed his "Urgent Motion to

Amend Defendant, Gates, to a Full Legal Name" on July 18, 2007, in essence

seeking leave to correct the individual Defendant's name from "William Gates" to

"Walter 'Bud' Gates."  (Doc. 73).  Also on that date, residential process was served

on Walter E. Gates on Plaintiff's behalf.  (Doc. 74.)

## DISCUSSION

### A.    **Plaintiff's Motion to Compel** (Doc. 72).

Plaintiff moves to compel Defendants to provide "the residential address

(location) of William Gates through his attorney Susan Selvidge as time may lapse

to preserve this defendant in Plaintiff's lawsuit."  (Doc. 72, at 1.)  Plaintiff

contends he has made "verbal and written" discovery requests of defense counsel

for this information regarding one of the Defendants he has individually named.

(*Id*., at 2.)  Defendants deny that Plaintiff requested the residential address of

"William Gates," either verbally or through formal discovery.  (Doc. 77, at 1.)

Further, defense counsel maintains she is not acquainted with, and does not

represent, a "William Gates."  (*Id*.)

After Plaintiff filed his motion, summons was executed on Plaintiff's behalf

on Mr. Walter E. "Bud" Gates.  (Doc. 74.)  Walter Gates, not William Gates, is

listed as the Registered Agent of Gates Enterprises, the parent company of B.G.

Bolton's and, apparently, is the individual Plaintiff had intended to identify and attempt to serve since the inception of this case.  (*Id.*)  As such, because it appears that the correct Mr. Gates has now been served with process at his residence, the Court **DENIES** Plaintiff's motion as moot.[1]

**B.      Plaintiff's Motions to Amend** (Docs. 73, 75).

Pursuant to Fed.R.Civ.P. 15(a), leave to amend "shall be freely given when justice so requires."  Leave will not be given, however, upon a showing of undue delay, undue prejudice to the opposing party, bad faith, failure to cure deficiencies by previously allowed amendments, or futility of the amendment.  *Frank v. U.S. West, Inc*., 3 F.3d 1357, 1365 (10th Cir.1993).

Plaintiff's process server apparently determined through his investigation that the individual Defendant identified as William Gates in the case caption is actually Walter "Bud" Gates, who is listed as the Registered Agent of Gates Enterprises, the parent company of B.G. Bolton's.  (Doc. 74, at 2.)  Plaintiff thus moves to have individually-named Defendant William Gates "also be recognized and accepted by the court as Walter 'Bud' Gates and/or 'Bud' Gates and/or Bill Gates, as discovered in his investigations for matters concerning this court case."

---

[1]  An answer has how been filed by "W. Gates" which raises the defenses of insufficiency of process and insufficiency of service of process under Fed. R. Civ. P. 12(b)(4) and (5).  (Doc. 83 at 4.)  Those issues can be addressed by a dispositive motion.

(Doc. 75, at 1.)

Defendants argue that Plaintiff's motion should be denied as untimely. Defendants stated that Plaintiff "did not do any discovery requesting the names or addresses of any persons with ownership interests in the corporate defendants." (Doc. 79, at 1.)  Without citing any supportive case law, Defendants merely argue that "Plaintiff seeks to name new defendants too late in the case."  (*Id.*, at 2.)

The Court is aware that Plaintiff did not properly identify Mr. Gates until approximately ten months after he filed his Complaint.  (Doc. 1.)  As stated above, the Tenth Circuit has held that untimeliness is a sufficient reason to deny a plaintiff's motion for leave to amend.  *Frank*, 3 F.3d at 1365.  "However, in so holding, the Tenth Circuit has emphasized that the plaintiffs whose motions were denied because of untimeliness could have sought to amend without delay." *Barrett v. Qual-Med, Inc.*, 153 F.R.D. 653, 654 (D.Colo. 1994) (citations omitted).

In the matter before the Court, Defendants' Answer, filed in December, 2006, did not specifically indicate that Mr. Gates was incorrectly named, only that there was "no William Gates residing at said address" noted in Plaintiff's initial summons.  (Doc. 9, at ¶ 2.)  Defendants filed a Motion to Dismiss Defendant William Gates on March 12, 2007.  (Doc. 28.)  In the supporting memorandum,

Defendants provide three grounds for dismissal of Gates – that Plaintiff "failed to properly serve any individual," that Plaintiff did not exhaust his administrative remedies against "William Gates," and that "individuals are not proper defendants under Title VII where the employer is a defendant."  (Doc. 29, at 3.)  Nowhere in the motion or memorandum did Defendants mention that Plaintiff had improperly identified Gates.  (*See id*., at 4-7.)

The Court surmises that Defendants' Answer and memorandum were carefully worded so as not to cue Plaintiff into his error.  While Defendant had no duty to correct Plaintiff's mistake, the Court will take this into consideration in ruling on the present motion.  *Cf. **Roberts v. Michaels***, 219 F.3d 775 (8th Cir. 2000) (holding that an amendment to correct a party's name should be allowed when answering party "prolonged" the plaintiff's "confusion" through the literal reading of its answer).

Plaintiff should have become aware of the mistake upon review of Defendants' responses to Plaintiff's First Request for Admission, which were served on April 20, 2007.  In the responses, Defendants stated that "there is no such person as 'William Gates' employed by either corporate defendant."  (Doc. 77, Exh. 8, pg. 2.)  Until that point, Plaintiff presumably was operating under the assumption that he was simply trying to serve "William Gates" at the wrong

6

address.  Plaintiff served Walter E. 'Bud' Gates on July 18, 2007 (Doc. 74, at 2),

less than three months after receiving Defendants' responses to Plaintiff's First

Requests for Admission and the same day he filed the present motion.  Under these

circumstances, the Court cannot agree with Defendants' statement that "Plaintiff

seeks to name new defendants too late in the case."  (Doc. 79, at 2.)

Pursuant to Fed.R.Civ.P. 15(c), an amendment to a pleading "relates back"

to the original pleading date when

> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 4(m) provides that, upon a showing of "good cause," the Court "shall

extend the time for service for an appropriate period."  The District Court

previously extended Plaintiff's deadline to properly obtain service on Defendant

Gates until July 20, 2007.  (Doc. 67.)  Plaintiff filed his "urgent" motion to amend

on July 18, 2007, two days before the Court's deadline to serve.  (Doc. 73.)  On

that date, Plaintiff also served process on Walter Gates.  (Doc. 74, at 2.)  The Court

sees no prejudice to Mr. Gates when the company and restaurant he is associated

with has been involved in this lawsuit from its inception.  Plaintiff's request is both

appropriate and in accordance with the Federal Rules.  As such, Plaintiff's Urgent

Motion to Amend Defendant, Gates, to a Full Legal Name (Doc. 73) is

**GRANTED**.

Doc. 75 is actually Plaintiff's request to amend Doc. 73.  This second

motion does not substantively change Plaintiff's Urgent Motion to Amend, but

merely supplies additional information regarding Mr. Gates and his relationship to

the other named Defendants.  This motion was filed on July 20, 2007, which was

the District Court's deadline for Plaintiff to serve process on Mr. Gates.  For the

reasons set forth above, the Court also **GRANTS** this Motion to Amend (Doc. 75).


**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc.

72) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Amend (Docs. 73

and 75) are **GRANTED**.  The Court finds it unnecessary for Plaintiff to file a new

"Amended" Complaint.  The Clerk of the District Court is directed to correct the

case caption to reflect Walter E. Gates as the individually-named Defendant and

remove reference to William Gates.  The parties are instructed to caption the case

accordingly on any future filings with the Court.

**IT IS SO ORDERED**.


Dated at Wichita, Kansas, on this 13th day of September, 2007.


                                    s/   DONALD W. BOSTWICK
                                   DONALD W. BOSTWICK
                                   United States Magistrate Judge