**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| SHELBERT ABRAHAM, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-1281-MLB |
| | ) | |
| B.G. BOLTON'S GRILLE & BAR, | ) | |
| GATES ENTERPRISES, | ) | |
| WILLIAM GATES, | ) | |
| | ) | |
| Defendants. | ) | |
| ___________________________ | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion to Amend Caption to Add Legal Defendant. (Doc. 91.) Defendants have responded in opposition (Doc. 94) and Plaintiff has replied (Doc. 101). After careful review of the submissions of the parties, the Court is prepared to rule on this motion.

**BACKGROUND**

Summaries of this case are contained in the Court's Orders of April 17, 2007 (Doc. 46), July 11, 2007 (Doc. 68), and September 13, 2007 (Doc. 84). Those summaries will not be repeated here, but are incorporated herein by reference.

In his Motion to Amend Complaint to Add Legal Defendant (Doc. 91),

Plaintiff acknowledges that "[i]t has been asserted and affirmed in more than one affirmation of defendants that Heroes Sports Bar LLC d/b/a B.G. Bolton's Sports Grille and Bar, is indeed a legal defendant in this lawsuit." (Doc. 91.) Plaintiff thus seeks leave to amend to add Heroes Sports Bar LLC as a Defendant.

Defendants respond that Plaintiff was informed numerous times "that none of the named defendants were plaintiff's employer under the discrimination statutes cited in his Complaint, and that the employer was doing business as B.G. Bolton's Sports Grill." (Doc. 94, at 2.) Defendants continue that the Court's Scheduling Order included a deadline of February 26, 2007, to amend the pleadings (Doc. 11, at ¶ III. a.), but Plaintiff did not amend in a timely manner. (Doc. 94, at 2.)

Plaintiff replies that "[t]he actual identity of Heroes Sports Bar, LLC even with diligence of plaintiff has been hidden by words and acts in the affirmative." (Doc. 101, at 1.) Plaintiff argued that Defendants, "by their calculative wording or documents and paperwork," intentionally misled Plaintiff by identifying B.G. Bolton's and, subsequently, Heroes Sports Bar, LLC, as Plaintiff's employer. (*Id.*, at 2, 3.)

**DISCUSSION**

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires. In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should, as the rules require, be freely given. ***Foman v. Davis***, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); ***Frank v. U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993).

Defendants are correct that the deadline contained in the Court's Scheduling Order to amend the pleadings has expired. (Doc. 94, at 2; *see also* Doc. 11, at ¶ III. a.) Accordingly, the Court must treat Plaintiff's motion as a motion to amend the Scheduling Order to allow a late filing of an amended complaint. *See* ***Denmon v. Runyon***, 151 F.R.D. 404, 407 (D. Kan. 1993) (stating that a motion to amend filed after the deadline established in the scheduling order must meet the standard of "good cause" under Fed. R. Civ. P. 16(b)).

Fed. R. Civ. P. 16(b) provides that the Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the . . . magistrate judge." To establish "good cause" the moving party must show that the scheduling order's deadline could not have been met with diligence. ***Denmon***, 151 F.R.D. at 407. Although this Court finds that Plaintiff's requested amendment would cause

no undue prejudice to Defendants, lack of prejudice to the nonmovant does not establish good cause. ***Deghand v. Wal-Mart Stores, Inc.***, 904 F.Supp. 1218, 1220 (D. Kan. 1995).

It is well-established in this District that courts are to liberally construe the pleadings of a *pro se* plaintiff and judge them against a less stringent standard than pleadings drawn by attorneys. ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). While this does not mean that a court is to become an advocate for the *pro se* plaintiff, ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991), it is necessary for the Court to allow additional leeway to a *pro se* plaintiff.

Plaintiff points out that in the "Motion to Dismiss 'William Gates' and Gates Enterprises," Defendants asserted

> Defendant B.G. Bolton's Sports Grill admits that it was plaintiff's employer for purposes of Title VII, Section 701(b). It is a corporate entity properly identified as 'Heroes Sports Bar, LLC d/b/a B.G. Bolton's Sports Grill.'

(Doc. 91, at 3; *see also* Doc. 29, at 7-8.) In support of that Motion to Dismiss, Defendants also submitted the affidavit of Kay Auer, the Vice President of Finance for Gates Enterprises, Inc. (Doc. 29-2.) In that affidavit, it is stated that the "correct name" of B.G. Bolton's Sports Grill is "Heroes Sports Bar, LLC d/b/a B.G. Bolton's Sports Grill." (*Id.*, at ¶4.) That same affidavit, however, contains at

least three instances in which "B.G. Bolton's Sports Grill" is identified as Plaintiff's former employer. (*Id*., at ¶¶ 2, 5, 7.)

In Defendants' reply memorandum in support of that Motion to Dismiss, Defendants state that "Gates Enterprises was not plaintiff's statutory employer under Title VII or the ADEA, but that **plaintiff's employer was defendant B.G. Bolton's**." (Doc. 66, at 4, emphasis added.) The memorandum also states that Defendant Gates Enterprises "should be dismissed because plaintiff's employer was defendant B.G. Bolton's." (*Id*., at 5.) Defense counsel also referred to employees of B.G. Bolton's in response to Plaintiff's Requests for Admissions. (Doc. 101, at 30, 31.) Further, Plaintiff has included as exhibits corporate documents from Defendant ostensibly identifying the employer as B.G. Bolton's (*id*., at 16) or Gates Enterprises, Inc. (*id*., at 25.)

Additional exhibits submitted by Plaintiff include documents from the Kansas Department of Labor identifying Plaintiff's employer as "Heroes Sports Bar LLC" (Doc. 101, at 20, 28, 29), "Heroes Sports Bar & Grill" (*id*., at 21, 26, 27), or "BG Bolton's doing business as Heroes Sports Bar" (*id*., at 21). On the other hand, B.G. Bolton's was referenced in documents from the EEOC and/or KHRC. (*Id*., at 6, 7, 8.)

While Defendants did not actively or intentionally mislead Plaintiff as to the

identity of his legal employer, it is apparent that Plaintiff, as a *pro se* party without legal training, was legitimately confused regarding the interplay between the various corporate entities involved. The Court thus finds that Plaintiff has established good cause for the requested amendment, and further finds that granting the motion will result in no prejudice to any of the Defendants in this case. Therefore, the Court **GRANTS** Plaintiff's Motion to Amend Caption to Add Legal Defendant. (Doc. 91.)

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Caption to Add Legal Defendant is **GRANTED**. (Doc. 91.) The Clerk and the parties are hereby notified that the caption in this case shall, from this point forward, designate "Heroes Sports Bar, LLC d/b/a B.G. Bolton's Sports Grill" as a party Defendant.

**IT IS FURTHER ORDERED** that the amendment allowed by this Memorandum and Order shall relate back to the filing date of the present action pursuant to the provisions of Fed. R. Civ. P. 15(c)(1)(C)(i) and (ii) [as amended effective December 1, 2007], since the party to be brought into the case has received prior notice of the pendency of the action, will not be prejudiced in defending on the merits, and it knew or should have known that the action would

have been brought against it, but for a mistake concerning the proper party's identity.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 9th day of January, 2008.

s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge